UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES NEWSOME,

       Plaintiff,

v.                                         Case No. 1:08-CV-532

COMMISSIONER OF SOCIAL               HON. GORDON J. QUIST
SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection to the Magistrate Judge's Report and Recommendation issued on July 30, 2009. In her report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) decision that Plaintiff was not disabled was supported by substantial evidence and recommended that it be affirmed. The magistrate judge further recommended that the Commissioner's Motion to Reconsider be granted in part and denied in part.

Regarding the ALJ's conclusion that Plaintiff was not disabled, Plaintiff raised several claims of error by the ALJ, including: (1) the ALJ failed to give sufficient weight to the opinions of two of his treating physicians, Dr. Paarlberg and Dr. Daoud; (2) the ALJ failed to properly evaluate Plaintiff's credibility regarding his complaints of disabling pain; and (3) the ALJ improperly relied on the vocational expert's response to an inaccurate hypothetical question. Regarding the first issue, the magistrate judge concluded that the ALJ properly declined to give controlling weight to the opinion of Dr. Paarlberg because Dr. Paarlberg did not qualify as a treating physician whose opinion is entitled to special deference and because substantial evidence supported

the ALJ's evaluation of that opinion. Although Dr. Daoud was a treating physician, the magistrate judge found that the ALJ's decision to give little weight to Dr. Daoud's opinion was supported by substantial evidence, including inconsistencies between her assessment of Plaintiff's residual functional capacity (RFC) and her treatment notes. With regard to Plaintiff's credibility, the magistrate judge concluded that the ALJ's determination was well supported because the objective medical evidence and Plaintiff's reported activities contradicted Plaintiff's claim that his limitations exceeded those identified by the ALJ's RFC determination. Finally, the magistrate judge concluded that the ALJ's hypothetical to the vocational expert accurately set forth Plaintiff's limitations and was not improper or incomplete.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In his Objection, Plaintiff does not specifically identify any portion of the report and recommendation with which he takes issue. Rather, Plaintiff discusses certain medical evidence as supporting his claim of disability. For example, Plaintiff notes that on April 12, 1999, Dr. Paarlberg opined that Plaintiff could only sit for about 15 minutes, stand for about 10 minutes, and drive for 30 minutes. Plaintiff further asserts that Dr. Paarlberg's suggestion that Plaintiff have a functional capacity evaluation is not inconsistent with Dr. Paarlberg's report that he felt Plaintiff would not be able to work any type of full-time job. These arguments are not persuasive. The magistrate judge rejected Plaintiff's assertion that Dr. Paarlberg adopted the above limitations, noting that they were merely Plaintiff's own reported limitations. (Report and Recommendation at 17 n.2.) The Court's review of the record confirms that the magistrate judge was correct. Moreover, while a functional capacity evaluation is not necessarily inconsistent with a determination that a person is disabled, Dr. Paarlberg's recommendation also suggest that he believed Plaintiff's limitations might not preclude

him from working. Finally, as the magistrate judge observed, Dr. Paarlberg's opinions following his April 12, 1999, examination of Plaintiff were consistent with the ALJ's RFC determination, and Dr. Paarlberg's statement that Plaintiff could not work was contrary to his own examination of Plaintiff.

Plaintiff also cites the opinion of Dr. Rhind, an examining physician, who opined that Plaintiff was totally disabled. However, the ALJ declined to adopt Dr. Rhind's opinion because Plaintiff's attorney referred Plaintiff to Dr. Rhind and his opinion that Plaintiff was totally physically disabled was not supported by his report or the record as a whole. In particular, the ALJ observed that Dr. Rhind's opinion was inconsistent with his own examination findings that Plaintiff's "deep tendon reflexes were symmetrical and normal; he had no pathological reflexes; and there was no evidence of atrophy, paralysis or weakness in either lower extremity . . . [and] examination of the lower extremities was unremarkable." (A.R. at 414.) Moreover, the ALJ noted that Dr. Rhind did not provide an assessment of jobs that exist in the economy, nor was he qualified to opine as a vocational expert. The ALJ's decision to rejected Dr. Rhind's opinion was thus supported by substantial evidence.

Finally, Plaintiff asserts that in citing Dr. Daoud's July 7, 2003, treatment notes in which Dr. Daoud stated that Plaintiff rated his back pain at 5/10 and said that his medications were helping, without any side effects, the magistrate judge failed to consider that Plaintiff was on a number of medications and was not working or physically active. Plaintiff contends that these circumstances show he was likely in a great deal of pain. While this is one plausible interpretation of the evidence, the magistrate judge also noted that Dr. Daoud's findings and observations on other occasions were inconsistent with the opinions she expressed regarding Plaintiff's residual functional capacity. In

light of the other evidence in the record, the Court cannot say that the ALJ's decision to accord Dr. Daoud's opinion little weight was not supported by substantial evidence. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 30, 2009 (docket no. 21), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion to Reconsider (docket no. 17) is **GRANTED IN PART AND DENIED IN PART** as set forth in the Report and Recommendation.

This case is **concluded**.

Dated: September 29, 2009                          _____/s/ Gordon J. Quist_____
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE